UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

FILED
JUN 3 2025
U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| | Criminal No. 3:25 cr 35 |
| v. | |
| | Violations: 18 U.S.C. § 1343 |
| EMILY ASTRAYKA, | |
| Defendant. | |

# INDICTMENT

The Grand Jury charges that:

## INTRODUCTION

1. On March 27, 2020, the Coronavirus Aid, Relief and Economic Security Act (CARES Act) was signed into law. The CARES Act created the Federal Pandemic Unemployment Compensation (FPUC) program, which provided enhanced unemployment benefits to individuals adversely effected by the COVID-19 Pandemic.

2. On August 8, 2020, the President issued a Presidential Memorandum authorizing other needs assistance for major disasters declared by the President pursuant Section 401 of the Stafford Act (42 U.S.C. § 5170) for the COVID-19 pandemic. The Memorandum authorized the Lost Wages Assistance (LWA) benefit which provided enhanced unemployment benefits to individuals adversely effected by the COVID-19 Pandemic.

3. The FPUC and the LWA programs were administered by the State of West Virginia, but were funded by the federal government.

1

4. In the State of West Virginia, WorkForce West Virginia was the agency that administered the FPUC and LWA programs. The United States Department of Labor was responsible for overseeing the FPUC program while the Federal Emergency Management Agency oversaw the LWA program.

5. An applicant was only eligible to receive weekly benefits through the FPUC and the LWA if they were unemployed or underemployed for reasons related to the COVID-19 pandemic. The applicant had to first make a claim through a website, and had to enter personal identification information and answer a series of questions that enabled WorkForce West Virginia to determine the applicant's eligibility and payment amount.

6. Each week, the applicant was instructed to report any work, i.e., any activity for which payment was received, including full-time, part-time, or temporary work. At the end of each certification, the applicant had to check to acknowledge "I certify under penalty of perjury that the statements made in connection with this claim are true to the best of my knowledge and belief" and "I understand that I am required to report any and all gross wages or income from any source every week that I claim unemployment benefits regardless of the amount."

7. From March 2020 through December 2021, with the exception of April 11, 2020, through May 16, 2020, when she was furloughed, defendant, **EMILY ASTRAYKA**, was employed by Sterling Inc. in Berkeley County, West Virginia.

## COUNT ONE

(Mail Fraud)

8. Paragraphs 1 through 7 are hereby realleged as if fully set forth herein.

9. Starting on or about March 25, 2020, defendant **EMILY ASTRAYKA**, devised a scheme and artifice to defraud and to obtain money from the United States through which the defendant intended to obtain unemployment benefits by means of false and fraudulent pretenses, representations, and promises.

10. It was part of the scheme that **EMILY ASTRAYKA** submitted materially false applications to WorkForce West Virginia, requesting CARES Act unemployment funds distributed by the FPUC and LWA programs. Specifically, **EMILY ASTRAYKA** falsely certified to WorkForce West Virginia that she was unemployed due to the COVID-19 pandemic during periods of time when she was, in fact, employed by Sterling Inc.

11. It was a further part of the scheme and artifice that **EMILY ASTRAYKA** submitted fraudulent weekly certifications to WorkForce West Virginia, falsely stating that she was unemployed due to the COVID-19 pandemic; that she had not received any wages or income; that she had not returned to work full time; and that she had not worked any hours for the week in question, when in fact, she was employed, had returned to work and had worked during that week.

12. As a result of these fraudulent statements **EMILY ASTRAYKA** caused WorkForce West Virginia to authorize the issuance of unemployment payments, including a check to be mailed to **EMILY ASTRAYKA**, on behalf of WorkForce West Virginia and the Federal Emergency Management Administration. In total, **EMILY ASTRAYKA** fraudulently received $18,412 in unemployment benefits.

13. On or about September 13, 2020, for the purpose of executing, and attempting to execute, the scheme to defraud, in Berkeley County, West Virginia, in the Northern District of West Virginia, **EMILY ASTRAYKA** did knowingly cause to be delivered by mail, according to the direction thereon, a matter and thing, that is a check containing LWA funds, sent to her by WorkForce West Virginia, in violation of Title 18, United States Code, Section 1341.

# **FORFEITURE ALLEGATION**

Mail Fraud

1.  Pursuant to Title 28, United States Code, Sections 2461(c), Title 18 United States Code, Sections 981(a)(1)(C), 1956(c)(7)(A), and 1961(1) and Title 21, United States Code, Section 853, the government will seek the forfeiture of property as part of the sentence imposed in this case, that is, the forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1341, or a conspiracy to violate such offense, including a money judgment in the amount of at least $18,412.

2.  Pursuant to Title 28, United States Code, Section 2461(c), the government will seek forfeiture of substitute property up to the value of property subject to direct forfeiture that is not available for forfeiture on account of any act or omission contemplated by Title 21, United States Code, Section 853(p)(1).

A true bill,

/s/
Foreperson

/s/
RANDOLPH J. BERNARD
Acting United States Attorney

Daniel L. Salem
Assistant U.S. Attorney

Morgan S. McKee
Assistant U.S. Attorney